United States Courts
Southern District of Texas
FILED

JAN 09 2025

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**JEFFERY-JAMES: DENNIS**, Trustee of the JEFFERY JAMES DENNIS TRUST,
**Plaintiff,**
v.
**STATE OF TEXAS; FANNIE MAE, as Trustee of REMIC 2021-2051; ROCKET
MORTGAGE LLC (f/k/a Quicken Loans LLC); MERS; AMY COLVIN; KATIE OLSON;
TENESHIA HUDSPETH; and JUDGE BOB WOLFE,**
**Defendants.**

## COMPLAINT

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343** as this case arises under

   federal law, including violations of **42 U.S.C. § 1983**. Supplemental jurisdiction over

   state law claims is proper under **28 U.S.C. § 1367**.

2. Venue is proper under **28 U.S.C. § 1391(b)** because a substantial part of the events giving

   rise to this action occurred in Harris County, Texas, within this judicial district.

## II. PARTIES

**A. Plaintiff**

3. Plaintiff, **Jeffery-James: Dennis**, is Trustee of the **JEFFERY JAMES DENNIS TRUST**

(EIN: 84-6436815), which holds a perfected security interest in the promissory note and all

proceeds derived therefrom.

# Table of Contents

1. **Jurisdiction and Venue** ..................................................... p. 1
2. **Parties** ............................................................. p. 2
   - A. Plaintiff ....................................................... p. 2
   - B. Defendants ................................................... p. 3
3. **Factual Background** ................................................. p. 4
   - A. Plaintiff's Secured Party Rights .............................. p. 4
   - B. Procedural Defects in Defendants' Actions .................. p. 5
   - C. Foreclosure and Eviction .................................. p. 6
   - D. Failure to Provide Lawful Consideration .................... p. 7
   - E. Procedural Misconduct ...................................... p. 8
4. **Claims for Relief** .................................................... p. 9
   - Claim 1: Declaratory Judgment .................................. p. 9
   - Claim 2: UCC Violations ...................................... p. 10
   - Claim 3: 42 U.S.C. § 1983 ..................................... p. 11
   - Claim 4: Fraudulent Concealment .............................. p. 12
   - Claim 5: Wrongful Foreclosure ................................ p. 13
   - Claim 6: Conversion ........................................... p. 14
   - Claim 7: Unjust Enrichment .................................... p. 15
   - Claim 8: Slander of Title ........................................ p. 16
5. **Prayer for Relief** .................................................. p. 17
6. **Proposed Order** ..................................................... p. 18
7. **Addendum: Supporting Case Law and UCC Principles** .......... p. 20

4. Plaintiff perfected his security interest through the following Uniform Commercial Code (UCC) filings:

   o **Oklahoma Filing No. 2004001056826 (2004),**

   o **Kansas Filing No. 116150327 (2019)**, and

   o **Texas Filing No. 24-0065624625 (2024).**

5. These filings secure Plaintiff's rights to all **after-acquired property and proceeds wherever located,** including **Promissory Note No. 3480127505**, executed on **June 28, 2021**, and its proceeds.

6. Plaintiff is also the Settlor and Beneficiary of the **Disabled Iraq Veterans Alliance Trust,** which holds an equitable interest in the subject property.

**B. Defendants**

7. **State of Texas** is a governmental entity responsible for enforcing laws related to property and foreclosure.

8. **Fannie Mae** is a Government Sponsored Enterprise (GSE) acting as Trustee of REMIC 2021-2051, which claims an interest in the subject property and note through securitization.

9. **Rocket Mortgage LLC (f/k/a Quicken Loans LLC)** acted as the originator, servicer, and beneficiary of defective instruments used in the foreclosure.

10. **MERS** is a nominal beneficiary that executed a defective assignment of the deed of trust on **February 3, 2023**, nearly two years after the REMIC's closing date of **July 20, 2021**.

11. **Amy Colvin**, as Vice President of MERS, executed the defective assignment without verifying its validity or compliance with governing laws, violating **MERS bylaws**.

12. **Katie Olson**, as notary of the defective assignment, enabled its recording despite its procedural defects and untimely execution. On other occasions, Olson signed as Vice President of MERS while Colvin notarized, raising questions about procedural integrity.

13. **Teneshia Hudspeth**, Harris County Clerk, improperly recorded instruments, including the defective MERS assignment, while disregarding Plaintiff's prior UCC filings and deed to trustee recorded on **July 15, 2021**.

14. **Judge Bob Wolfe**, in his individual and official capacities, deprived Plaintiff of due process by issuing an eviction judgment despite clear procedural defects and Plaintiff's pending **lis pendens** filed on **October 30, 2024**.

# III.  FACTUAL BACKGROUND

## A. Plaintiff's Secured Party Rights

15. Plaintiff holds a **perfected security interest** in the promissory note and all proceeds derived

therefrom, as evidenced by:

- The **2004 Oklahoma Transmitting Utility Filing,**

- The **2019 Kansas UCC Filing**, and

- The **2024 Texas UCC Filing**, which continues Plaintiff's interest in Texas.

16. Plaintiff's secured party rights extend to all **after-acquired property and proceeds**

   **wherever located**, including:

- **Securitization proceeds** exceeding $417,800.

- **Foreclosure sale proceeds** from the $465,000 credit bid.

- **Insurance claims**, such as PMI payouts.

- **Federal Reserve advances** or credits under **Operating Circular No. 10.**

17. Defendants monetized Plaintiff's promissory note, treating it as a financial asset while

   failing to provide lawful consideration or release the deed of trust, violating **UCC §§ 9-**

   **203, 9-315, and 9-625.**

## III. FACTUAL BACKGROUND (Continued)

**B. Procedural Defects in Defendants' Actions**

18. The note was transferred to **REMIC 2021-2051**, with a stated trust closing date of **July 20, 2021**, without a "true sale" or proper endorsement.

19. The **blank indorsement** on the note fails to name a payee, rendering the transfer invalid under **UCC §§ 3-201 and 3-204**.

20. The **MERS assignment**, executed on **February 3, 2023**, nearly two years after the trust's closing date, is procedurally defective and void under Texas law and the governing Pooling and Servicing Agreement (PSA).

21. Defendants improperly relied on these defective instruments to foreclose on Plaintiff's property, depriving him of his secured party rights and causing significant financial harm.

**C. Foreclosure and Eviction**

22. Defendants foreclosed on Plaintiff's property based on defective instruments, including the **MERS assignment** and blank indorsement, which fail to establish enforceable rights.

23. Despite Plaintiff filing a **lis pendens** on **October 30, 2024**, Judge Bob Wolfe issued an eviction judgment on **December 2, 2024**, ignoring procedural defects and Plaintiff's

pending litigation in the **164th District Court of Harris County**, set for trial on **June 9, 2025**.

24. The eviction judgment was vacated on appeal; however, Plaintiff endured significant harm, including damage to his creditworthiness, loss of property value, and reputational harm.

---

**D. Failure to Provide Lawful Consideration**

25. Defendants did not provide lawful consideration in the alleged loan transaction. Instead, Plaintiff's **promissory note** was monetized and exchanged for electronic credits from the Federal Reserve.

26. The promissory note is a **negotiable instrument** and a financial asset under **UCC §§ 1-201(24), 3-104, and 8-102**. Defendants unlawfully treated Plaintiff as a debtor while using the note to enrich themselves.

27. Defendants' accounting records, including **FR 2046 balance sheets, S-3/A Registration Statements, 1099-OID filings**, and **RC-S and RC-B Call Schedules**, would show the note was treated as an asset and a liability offset, contrary to their claims of lending Plaintiff funds.

28. Defendants' failure to credit Plaintiff for the financial benefits derived from the note, including **securitization proceeds, PMI payouts**, and **Federal Reserve advances**, further evidences their unlawful conduct and breach of Plaintiff's secured party rights.

---

**E. Procedural Misconduct**

29. The **MERS assignment**, executed on **February 3, 2023**, falsely represented that enforceable rights to the deed of trust were transferred to Rocket Mortgage LLC, despite:

- The note not being properly transferred to the REMIC trust by its closing date of **July 20, 2021**.
- MERS lacking any interest in the note or deed of trust, making the assignment invalid under Texas law.

30. The **blank indorsement** on the note fails to name a payee, rendering the transfer unenforceable under **UCC §§ 3-201 and 3-204**.

31. Defendants, including **Amy Colvin** and **Katie Olson**, acted without authority or procedural integrity. Olson and Colvin alternated between signing as **Vice President of MERS** and notarizing documents, a practice highlighted in *Szymoniak*, raising questions about the authenticity of these transactions.

---

# IV. CLAIMS FOR RELIEF

**Claim 1: Declaratory Judgment**

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33. Plaintiff seeks a declaration that:

- Plaintiff holds a **superior secured party interest** in the note and all proceeds derived therefrom.
- The **blank indorsement** on the note is insufficient to transfer enforceable rights under **UCC §§ 3-201 and 3-204**.
- The **MERS assignment** executed on **February 3, 2023**, is procedurally defective and void under Texas law and the governing PSA.

34. Plaintiff further seeks a declaration that Defendants violated Plaintiff's secured party rights under **UCC §§ 9-203, 9-315, and 9-625**, including their failure to release or reconvey the deed of trust and their retention of proceeds.

35. Declaratory relief is warranted to clarify Plaintiff's rights and prevent further harm caused by Defendants' reliance on defective instruments.

## IV. CLAIMS FOR RELIEF (Continued)

---

**Claim 2: UCC Violations (UCC §§ 9-203, 9-315, 9-625, and 9-935)**

36. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Defendants violated **UCC § 9-203** by failing to release Plaintiff's collateral, including the promissory note, upon satisfaction of the obligation through securitization proceeds.

38. Defendants violated **UCC § 9-315** by unlawfully retaining proceeds derived from Plaintiff's collateral, including:

- **$417,800 in securitization proceeds.**
- **$465,000 foreclosure sale proceeds.**
- **PMI payouts** triggered by the alleged default.
- **Federal Reserve advances** derived from the note.

39. Defendants violated **UCC § 9-625** by failing to account for or release the deed of trust in a manner consistent with their statutory obligations, causing financial harm to Plaintiff.

40. Under **UCC § 9-935**, Plaintiff seeks:

- Monetary damages equal to the value of all proceeds derived from the collateral.
- Injunctive relief preventing further reliance on defective instruments.
- Punitive damages equal to three times the compensatory damages awarded, or

$2,651,400.

---

**Claim 3: 42 U.S.C. § 1983 – Deprivation of Constitutional Rights**

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Defendants, acting under color of state law, violated Plaintiff's constitutional rights under the **Fourth, Fifth, and Fourteenth Amendments**, including:

- **Due Process**: By foreclosing and evicting Plaintiff based on defective instruments, including the **MERS assignment** and blank indorsement.
- **Equal Protection**: By treating Defendants' procedurally defective instruments as valid while ignoring Plaintiff's perfected secured party rights under the UCC.

43. **State of Texas**, by allowing the foreclosure and eviction processes without enforcing compliance with UCC and state laws, failed to protect Plaintiff's constitutional rights.

44. **Fannie Mae**, as a Government Sponsored Enterprise (GSE) and Trustee of REMIC 2021-2051, acted under color of state law by participating in and benefiting from the foreclosure without proper standing or compliance with procedural requirements.

45. **Teneshia Hudspeth**, Harris County Clerk, improperly recorded defective instruments, including the **MERS assignment**, and ignored Plaintiff's prior UCC filings and deed to trustee recorded on **July 15, 2021**.

46. **Amy Colvin** and **Katie Olson**, through their roles in executing and notarizing the defective MERS assignment, enabled procedural defects that deprived Plaintiff of due process.

47. **Judge Bob Wolfe**, acting in his official and individual capacities, violated Plaintiff's due process rights by issuing an eviction judgment despite procedural defects, Plaintiff's perfected security interest, and a pending **lis pendens** filed on **October 30, 2024**.

48. As a result of these constitutional violations, Plaintiff suffered financial harm, emotional distress, reputational damage, and the unlawful deprivation of his property rights.

49. Plaintiff seeks:

- **Compensatory damages** for financial losses and emotional distress.
- **Punitive damages** to deter future constitutional violations, calculated at three times compensatory damages.
- **Declaratory and injunctive relief** to void the foreclosure and eviction actions.

---

**Claim 4: Fraudulent Concealment**

50. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

51. Defendants knowingly concealed material facts, including:

- The failure to properly transfer enforceable rights to the note through a "true sale."
- The separation of the note from the deed of trust, rendering the latter unenforceable under **Carpenter v. Longan, 83 U.S. 271 (1872)**.
- The invalidity of the **MERS assignment**, executed on **February 3, 2023**, nearly two years after the REMIC trust's closing date.
- The failure to release or reconvey the deed of trust despite satisfaction of the obligation through securitization proceeds.

52. Defendants' concealment prevented Plaintiff from discovering these procedural defects until the **chain of title analysis received on April 4, 2024**.

53. Defendants' concealment of these facts caused Plaintiff to pursue improper parties in prior litigation, delaying his ability to obtain relief.

54. As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff suffered financial harm, clouded title, and reputational damage.

55. Plaintiff seeks:

- Compensatory damages for financial and emotional harm.
- Punitive damages equal to three times compensatory damages, or $2,651,400.
- Injunctive relief to prevent further reliance on defective instruments.

## IV. CLAIMS FOR RELIEF (Continued)

---

### Claim 5: Wrongful Foreclosure

56. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

57. Defendants wrongfully foreclosed on Plaintiff's property by:

- Relying on defective instruments, including the **MERS assignment** and blank indorsement, which fail to transfer enforceable rights.
- Misrepresenting Rocket Mortgage LLC as the lawful owner and servicer of the note, despite the lack of a "true sale" or valid endorsement.
- Concealing the fact that REMIC 2021-2051 lacked equitable title to the deed of trust due to procedural defects.

58. Defendants failed to comply with statutory and contractual obligations to release or reconvey the deed of trust upon satisfaction of the obligation, resulting in financial harm to Plaintiff.

59. As a direct and proximate result of Defendants' wrongful foreclosure, Plaintiff suffered:

- Loss of property value.
- Harm to creditworthiness and ability to refinance.
- Emotional distress and reputational harm.

60. Plaintiff seeks:

- Compensatory damages for financial losses.

- Punitive damages equal to three times compensatory damages, or $2,651,400.

- Declaratory relief voiding the foreclosure and injunctive relief to clear title.

---

**Claim 6: Conversion**

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Defendants unlawfully exercised control over proceeds derived from Plaintiff's secured collateral, including:

- **Securitization proceeds** exceeding $417,800.

- **Foreclosure sale proceeds** from a credit bid of $465,000.

- **PMI payouts** triggered by the alleged default.

- **Federal Reserve advances** or cash equivalents derived under **Operating Circular No. 10.**

63. Despite Plaintiff's perfected security interest under **UCC §§ 9-203 and 9-315**, Defendants failed to return or account for these proceeds, retaining them for their own enrichment.

64. Defendants' unauthorized retention and use of proceeds constitute conversion, depriving Plaintiff of the rightful benefit of his collateral.

65. As a direct and proximate result of Defendants' conversion, Plaintiff suffered:

- Loss of financial proceeds to which he was entitled.

- Harm to creditworthiness and financial standing.

- Emotional distress and reputational damage.

66. Plaintiff seeks:

- Compensatory damages equal to the value of all proceeds unlawfully retained by Defendants.

- Punitive damages equal to three times compensatory damages, or $2,651,400.

- Injunctive relief to compel restitution and a full accounting.

---

**Claim 7: Unjust Enrichment**

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

68. Defendants were unjustly enriched by retaining proceeds derived from Plaintiff's collateral, including:

- Securitization funds.

- Foreclosure sale proceeds.

- PMI payouts and Federal Reserve advances.

- Any additional financial benefits, such as tax incentives or government relief, tied to Plaintiff's collateral.

69. Defendants retained these proceeds without lawful justification, depriving Plaintiff of their value while unlawfully enriching themselves.

70. As a result of Defendants' unjust enrichment, Plaintiff suffered financial harm, loss of collateral value, and reputational damage.

71. Plaintiff seeks:

- Restitution of all proceeds unlawfully retained by Defendants.

- Punitive damages equal to three times compensatory damages, or $2,651,400.

---

**Claim 8: Slander of Title**

72. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73. Defendants, including Rocket Mortgage LLC, Fannie Mae, MERS, and their agents,
    published false and disparaging statements regarding Plaintiff's title by:

- Recording the defective MERS assignment, which falsely claimed to transfer enforceable
  rights to the deed of trust.
- Recording foreclosure sale documents asserting lawful authority to foreclose, despite
  procedural defects invalidating their standing.

74. These statements clouded Plaintiff's title and were made with knowledge of their falsity
    or reckless disregard for the truth. Defendants knew or should have known that:

- The note was not properly transferred to the REMIC trust or its servicer.
- The deed of trust was severed from the note, rendering it unenforceable under **Carpenter
  v. Longan, 83 U.S. 271 (1872)**.

75. As a direct and proximate result of Defendants' slander of title, Plaintiff's property value
    was diminished, and Plaintiff suffered financial harm, reputational damage, and difficulty
    obtaining financing.

76. Plaintiff seeks:

- Compensatory damages for harm caused by Defendants' false statements.
- Punitive damages equal to three times compensatory damages, or $2,651,400.
- Injunctive relief to clear title and prevent further reliance on defective instruments.

Respectfully submitted,

Jeffery James Dennis

Trustee of the JEFFERY JAMES DENNIS TRUST

Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**JEFFERY-JAMES: DENNIS**, Trustee of the JEFFERY JAMES DENNIS TRUST©,
**Plaintiff,**
v.
**STATE OF TEXAS; FANNIE MAE, as Trustee of REMIC 2021-2051; ROCKET
MORTGAGE LLC (f/k/a Quicken Loans LLC); MERS; AMY COLVIN; KATIE OLSON;
TENESHIA HUDSPETH; and JUDGE BOB WOLFE,**
**Defendants.**

---

## ORDER GRANTING RELIEF

**Before the Court** is Plaintiff Jeffery-James: Dennis' Complaint asserting claims for declaratory judgment, violations of the Uniform Commercial Code (UCC), fraudulent concealment, wrongful foreclosure, and related causes of action. Upon review of the pleadings, evidence, and arguments, the Court finds in favor of the Plaintiff and enters the following Order:

---

## I. DECLARATORY RELIEF

1. Plaintiff holds a **superior secured party interest** in the promissory note and all proceeds derived therefrom, including:

   o   Securitization proceeds.

   o   Foreclosure sale proceeds.

   o   Insurance payouts, PMI claims, and Federal Reserve advances.

2. The **blank indorsement** on the note and the **MERS assignment** executed on **February 3, 2023**, are declared invalid and procedurally defective under **UCC §§ 3-201 and 3-204**, Texas law, and the governing PSA.

3. Defendants violated Plaintiff's secured party rights under **UCC §§ 9-203, 9-315, and 9-625**, including their failure to release or reconvey the deed of trust.

---

## II. DAMAGES

4. The Court awards Plaintiff compensatory damages in the amount of:

    o  **$417,800** for securitization proceeds.

    o  **$465,000** for foreclosure sale proceeds.

     o   Additional damages for PMI payouts, Federal Reserve advances, and other financial benefits derived from Plaintiff's collateral, subject to accounting.

5. The Court awards punitive damages in the amount of **three times the compensatory damages, totaling $2,651,400**, to deter Defendants' willful misconduct and fraudulent actions.

## III. INJUNCTIVE RELIEF

6. Defendants are enjoined from relying on defective instruments in any future claims or actions against Plaintiff.

7. Defendants are ordered to remove all defective instruments from public records, including the MERS assignment and foreclosure sale documents.

## IV. FULL ACCOUNTING

8. Defendants must provide a full accounting of all proceeds derived from Plaintiff's collateral, including but not limited to:

     o   Securitization proceeds.

     o   Insurance payouts, including PMI claims.

     o   Federal Reserve advances or cash equivalents.

     o   Tax incentives or government relief funds tied to Plaintiff's collateral.

## V. VOIDING FORECLOSURE AND EVICTION

9. The foreclosure sale conducted by Rocket Mortgage LLC and all related eviction actions are voided due to procedural defects and Defendants' lack of standing.

10. Plaintiff's title and possession of the property are reinstated, free from any cloud or encumbrance caused by Defendants' actions.

---

## VI. ADDITIONAL RELIEF

11. The Court awards Plaintiff pre- and post-judgment interest, attorneys' fees, and costs incurred in prosecuting this action.

12. The Court grants such other and further relief as it deems just and proper.

**SIGNED AND ENTERED** this _____ day of _____, *2025*.

_____

**United States District Judge**

# Addendum: Supporting Case Law and UCC Principles

## I. Supporting Case Law

### 1. Separation of Note and Deed of Trust

- *Carpenter v. Longan*, 83 U.S. 271 (1872):
  Held that a mortgage (or deed of trust) is inseparable from the promissory note it secures. The separation renders the deed unenforceable, as the note is the controlling instrument.
- *Joliet Iron and Steel Co. v. Scioto Fire Brick Co.*, 82 F. 244 (6th Cir. 1897):
  Confirmed that rights tied to a secured party are superior to claims based on subsequent procedural deficiencies.

### 2. Defective Assignments and Standing

- *Szymoniak v. American Home Mortgage Servicing, Inc.*:
  Highlighted procedural irregularities in foreclosure actions, including improper assignments by MERS agents. This aligns with the actions of Amy Colvin and Katie Olson, whose procedural defects undermined their assignments.
- *In re Veal*, 450 B.R. 897 (9th Cir. 2011):
  Held that a party enforcing a note must demonstrate lawful possession or authority, especially when assignments are in question.
- *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282 (1st Cir. 2013):
  Borrowers may challenge foreclosure actions on grounds of defective assignments, such as those untimely executed by MERS.

### 3. Secured Party Rights Under UCC

- *Wheeler v. Newbould*, 16 N.Y. 392 (1857):
  Established that secured parties maintain superior rights to collateral and its proceeds, even in complex financial arrangements.
- *First National Bank v. Hall*, 101 U.S. 43 (1879):
  Affirmed a secured party's right to enforce obligations tied to perfected interests and their entitlement to proceeds.

### 4. Fiduciary Obligations and Bailments

- **Dobie on Bailments (31 Cyp. 839):**
  Articulated the duty of a bailee to safeguard property and return it to the bailor.
  Defendants' failure to release or reconvey the deed of trust violated this duty.
- *Wheeler v. Newbould*, 16 N.Y. 392 (1857):
  Reinforced the principle that fiduciaries must act within the scope of their duty to protect
  the interest of the bailor or secured party.

---

## 5. Constitutional Violations

- *Goldberg v. Kelly*, 397 U.S. 254 (1970):
  Due process protections require adequate notice and an opportunity to be heard before
  deprivation of property.
- *Shelley v. Kraemer*, 334 U.S. 1 (1948):
  Reinforced that courts cannot enforce agreements or actions that violate constitutional
  protections, including those affecting property rights.

---

## 6. Procedural Misconduct

- *Malone v. Patel*, 397 S.W.3d 658 (Tex. App.—Houston [1st Dist.] 2012):
  Procedural irregularities in recording false or defective instruments constitute slander of
  title and cloud ownership rights.

---

## II. UCC Principles

---

## 1. UCC §§ 9-203 and 9-315

- Protect a secured party's rights to collateral and its proceeds and require the obligor to
  release collateral upon satisfaction of the obligation.

## 2. UCC § 9-625

- Provides remedies for aggrieved secured parties, including damages for failure to account
  for or release collateral and punitive damages for willful violations.

## 3. UCC § 9-935

- Confirms the secured party's entitlement to seek damages, injunctive relief, or other
  remedies when their rights are wrongfully impeded.

### 4. UCC §§ 3-201 and 3-204

- Require proper indorsement for enforceability, reinforcing that the blank indorsement used in this case does not transfer enforceable rights.

### 5. UCC § 2-205

- Treats a firm offer as lapsed if not accepted within a specified time, providing grounds to void the deed of trust for lack of acceptance of fiduciary roles within 90 days.

---

### III. Anticipated Affirmative Defenses

---

### 1. Unclean Hands

- Defendants may allege Plaintiff defaulted on payments. This defense is inapplicable because Plaintiff's claims are grounded in secured party rights and violations of procedural law, not borrower arguments.
- *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945):
  The unclean hands defense cannot succeed if Defendants' misconduct was greater than Plaintiff's alleged actions.

### 2. Claim Preclusion

- Defendants may argue prior dismissals preclude this case. However, this action involves distinct claims (e.g., UCC violations and constitutional breaches) that were not raised or adjudicated in prior suits.
- *New Hampshire v. Maine*, 532 U.S. 742 (2001):
  Claim preclusion requires identity of claims, which does not apply here due to new evidence, including the chain of title analysis received in April 2024.

### 3. Standing

- Defendants may challenge Plaintiff's standing to assert rights to the note or proceeds. Plaintiff's secured party interest under **UCC §§ 9-203 and 9-315** provides indisputable standing to enforce claims related to the note and proceeds.

### 4. Laches

- Defendants may argue Plaintiff delayed filing suit. However, Plaintiff filed promptly upon discovering new evidence in April 2024, satisfying the **due diligence** requirement.

## 5. Waiver

- Defendants may allege Plaintiff waived claims by not asserting them sooner. Plaintiff's actions, including filing a **lis pendens** and challenging foreclosure, demonstrate ongoing assertion of rights and preclude waiver.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S COMPLAINT**

---

**STATE OF TEXAS**
**COUNTY OF HARRIS**

**BEFORE ME**, the undersigned authority, on this day personally appeared **Jeffery-James: Dennis**, who, being duly sworn, deposed and stated as follows:

---

## 1. Personal Information

1. My name is **Jeffery-James: Dennis**, Trustee of the **JEFFERY JAMES DENNIS TRUST (EIN: 84-6436815)**, and Settlor and Beneficiary of the **Disabled Iraq Veterans Alliance Trust**. I am over the age of 18, of sound mind, and fully competent to testify to the matters stated herein.
2. I have personal knowledge of the facts stated in this affidavit, and they are true and correct to the best of my knowledge and belief.

---

## 2. Secured Party Interest

3. I perfected a **secured party interest** in the promissory note executed on **June 28, 2021**, and all proceeds derived therefrom, through the following Uniform Commercial Code (UCC) filings:
   o **Oklahoma Filing No. 2004001056826 (2004),**
   o **Kansas Filing No. 116150327 (2019)**, and
   o **Texas Filing No. 24-0065624625 (2024).**
4. These filings secure my rights to all **after-acquired property and proceeds wherever located,** including the subject property and associated promissory note.

---

## 3. Procedural Defects in Defendants' Actions

5. The promissory note was transferred to **REMIC 2021-2051** without a "true sale" or valid endorsement, violating **UCC §§ 3-201 and 3-204.**

6. The **MERS assignment**, executed on **February 3, 2023**, was procedurally defective and recorded nearly two years after the REMIC's closing date of **July 20, 2021**, in violation of the governing Pooling and Servicing Agreement (PSA).

7. As a result, Defendants misrepresented their standing to foreclose and relied on defective instruments to deprive me of my secured party rights.

## 4. Misconduct by Defendants

8. Defendants, including **Rocket Mortgage LLC**, **MERS**, and their agents, failed to release or reconvey the deed of trust despite satisfaction of the obligation through securitization proceeds exceeding **$417,800**, Federal Reserve advances, and PMI payouts.

9. The foreclosure sale conducted by Rocket Mortgage LLC resulted in a credit bid of **$465,000**, which was unlawfully retained by Defendants despite my perfected security interest.

10. The **Harris County Clerk, Teneshia Hudspeth**, improperly recorded defective instruments, including the MERS assignment, while disregarding my prior UCC filings and deed to trustee recorded on **July 15, 2021**.

## 5. Eviction and Subsequent Harm

11. Despite filing a **lis pendens** on **October 30, 2024**, Judge Bob Wolfe issued an eviction judgment on **December 2, 2024**, ignoring procedural defects, my secured party rights, and ongoing litigation in the **164th District Court of Harris County**, set for trial on **June 9, 2025**.

12. The eviction judgment was vacated on appeal; however, I suffered significant harm, including:

- Damage to my creditworthiness.
- Emotional distress and reputational harm.
- Financial losses tied to the foreclosure and subsequent eviction actions.

## 6. Additional Evidence and Exhibits

13. I have attached the following exhibits in support of my claims:

- **Exhibit A**: UCC filings (2004 Oklahoma, 2019 Kansas, 2024 Texas).
- **Exhibit B**: Chain of title analysis (received April 4, 2024).
- **Exhibit C**: MERS assignment executed on February 3, 2023.
- **Exhibit D**: Foreclosure notices and related documents.
- **Exhibit E**: Promissory note with blank indorsement.

14. These exhibits demonstrate Defendants' procedural defects, failure to release or reconvey the deed of trust, and fraudulent conduct in foreclosure and eviction proceedings.

## 7. Conclusion

15. Based on the facts stated herein, I respectfully request that the Court grant the relief sought in my complaint, including declaratory relief, monetary damages, and injunctive relief to prevent further harm.

**FURTHER AFFIANT SAYETH NOT.**

**SIGNED on this** 9th **day of** Jan , 2025

Jeffery James Denn

**Jeffery James: Dennis**

Trustee of the JEFFERY JAMES DENNIS TRUST©

**Sworn to and subscribed before me on this** 9th **day of** January, 20.25

**Notary Public, State of Texas**
My Commission Expires 03 / 16 / 2026